Good morning, Your Honor. Jeffrey Hellman representing Mark DeGiacomo, the appellant in this case. I'd like to reserve three minutes for butthole. First, Your Honor, I'd like to alert the Court to a very recent decision that just came out on Friday by the Honorable James Tancredi of the United States Bankruptcy Court for the District of Connecticut. It's I will do so, Your Honor. Thank you. I would like to inform the Court that Judge Tancredi has followed the line of cases favoring the trustee's position in this case. That's good enough. And we gave us the case, so it's going to be kind of hard to talk about it. No, I The trustee's position is that you have to look at this situation from the point of view of the creditors of the estate. When you have transfers by insolvent debtors to pay for college tuition, which is what happened here. You have debtors in this case, unusually, but you have debtors who are operating a Ponzi scheme. But you have insolvent debtors who are using the limited resources of the estate to pay for the college tuition of adult children. And the question before the Court is whether or not who should suffer, the university or the innocent creditors? Actually, I don't think that's the question before us. There are a set of rules here that define circumstances under which debtors can make payment for which they receive value. So could you turn to the rules? We're not sitting here as a court of equity. No, I understand that, Your Honor. And the statutes say that when you have, and this is both Massachusetts fraudulent transfer law and the bankruptcy code, talk in terms of a debtor who is insolvent making transfers for which they do not receive reasonably equivalent value. And the crux here, there's no question of insolvency. So the key issue here is whether or not the debtors receive reasonably equivalent value. Now, the value, there's no question there's value being provided, but the value being provided by Sacred Heart University is being provided to its student, in this case, Nicole Palladino. The question is whether or not the parents are receiving the reasonably equivalent value. And it's the trustee's position that that's not the case. Because when you look at reasonably equivalent value in the cases that have analyzed it, the courts look in terms of the value that is a value that is concrete, realizable, economic, something that creditors, from which creditors can recover. The college tuition, in this case, the education that's being provided by Sacred Heart University is an education that is being provided to the student, not to the parents. And there's no legal obligation for parents to pay for that education. Can I be clear? You're relying on the constructive fraud doctrine at this point. Have you given up the actual fraud? That's correct, Your Honor. Okay. Because this particular case might well have supported an actual fraud analysis, but this appeal is being pursued for the purposes of establishing precedent in a broader context. And the constructive fraud analysis applies in virtually every situation that's involved here. And as I said, there's no question that the debtors in this case were, in fact, insolvent at the time of the transfer. Hypothetically, if a state law imposed a legal obligation on parents to pay for the college tuition of an 18-year-old, I doubt that any such statute exists. But if it does, I doubt that it exists, hypothetically. Is that a different outcome than the outcome here? Absolutely, Your Honor. I think the key to this is that there is no obligation. If you look at the language of 548 and how it defines value, satisfaction of a legal obligation is value. Okay. So hypothetically, again, suppose there's a probate court order out of a divorce saying each parent shall contribute X amount of money to the college tuition from years 18 through 21 of the children of the marriage. If it's an actual court order, I would submit, Your Honor, that the trustee would have a much more difficult case. As a matter of fact, I'm handling these cases for a number of different trustees, mostly in Connecticut. This is my only Massachusetts trustee that I'm representing. But I typically don't bring cases where there is a divorce decree requiring payment of the college tuition, for exactly the reason the Court just asked. Okay. So some notion that this Court would issue a broad ruling is that the court would issue a broad ruling, and that's wrong, because there's always an underlying question of what state law requires. Right. And in fact, and this is, I think what's happened here, if you look at the cases that go the other way, the Pennsylvania cases, there are three of them, and all three of them, although the Eisenberg case focuses primarily on a different issue, but the Pennsylvania cases seem to be creating an exception, saying that parents have some sort of expectation of paying for the undergraduate, but not the graduate education, although there's no principled distinction between them. I think it would be the trustee's position that that's a legislative question, that that's something that is not really for the courts to decide, it's for the legislature to decide, and in point of fact, the Connecticut state legislature has so decided recently, and greatly restricted my ability to recover funds for trustees in the future. Is there anything in Congress, going on in Congress about this question? There is an act that has been proposed in Congress. So far it hasn't gone anywhere. It may or may not go somewhere in the future, that's politics, but the point is that that is a political question, it is a question for Congress to decide, and it would be the trustee's position that that is where, if there is going to be a carve out, that that's where the carve out should occur. And in fact, if you look, and it's cited in our brief, the same sort of analysis took place when trustees used to be suing churches to recover amounts that had been tithed by parishioners. And most courts found that those types of things were in fact fraudulent transfers, because the debtors were insolvent, and they were making payments to churches for which they were not receiving reasonably equivalent value. Congress took exception to that pursuit by trustees, and passed a limited exception, allowing tithing in a certain amount, and set forth specific parameters. And that's how the system is supposed to work, that's the trustee's position, that if Congress wants to carve out this type of situation, as they did in the tithing cases, they can. Congress so far has chosen not to do that in this case. Okay, so OECUS supporting the other side says that equitable considerations are allowed to come into play. Is that true under 548, in front of the bankruptcy judge? I don't believe it is, Your Honor. I think that... That equitable considerations do not come into play? Not specifically, Your Honor, not that I've come across, but if you look at the situation, essentially as I said, what the Pennsylvania cases, line of cases are doing, is artificially creating a type of value that the trustee submits is not within the definition of value in any state or... Am I wrong that several courts have said that with regard to many, many provisions under the bankruptcy code, the bankruptcy judge is allowed to consider equitable consideration? No, you're correct about that. So what takes this provision out of that sort of general court-made rule? Well, it's not, I wouldn't say that you can't consider any type of equitable consideration. If that's true, I need to know what our standard of review is, because that's not covered in the briefs. If equitable considerations can be considered, how do we review that? Well, I think you still have to look, equitable considerations may be able to be considered, but they still have to be considered within the statutory framework. You still have to have, you have statutory definitions of value that are in the bankruptcy code. You have a line of decisions from various courts and other circuit courts. I don't believe this circuit court has ever specifically addressed them, but a number of other circuit courts have specifically described value and reasonably equivalent value as being realizable, concrete and economic. And in fact, the bankruptcy judge in this case, acknowledged that line of cases, but tried to artificially construct a notion that the judge is not allowed to say that the debtors were receiving value, and the judge focused on testimony the debtors gave. And it's our position that what the debtors think they're getting isn't the point. The point is, it's not from the standpoint of the debtor and their expectations, it's from the standpoint of the estate and the creditors that you have to look at. Let me ask you this about the creditors then. I'm still sticking with these questions about equitable considerations, because frankly, I don't know whether they play a role or not. You seem to have first said they don't, then you said they do. I still don't know what standard of review is. But the fact that some of the unsecured creditors here are victims, innocent victims, does that play a role in this specific case? Is that something that can be considered as an equitable consideration? I know you're searching for a broader rule, but I just want to deal with the case that's in front of me for right now. Sure, I think it does. To the extent that the court is considering equitable considerations, yes, I think that in this particular case, yes, the money that is being used to pay for the tuition in this case is money that otherwise would go to the victims of the crime, absolutely. And that is a point that we make in our written law. I'm a little surprised. I'm not sure exactly why you've conceded, but I would have thought your first line of defense is no. Congress has provided definitions of value, and there's really no room for equity. You then seem to say, well, gee, maybe it's just a matter of whether or not maybe equity comes in on, in the context of whether something is realizable, concrete, or whatever. Well, what I'm saying, Your Honor, is it's a fine line, because there are a number of cases that say that bankruptcy courts are courts of equity. I acknowledge that. Yeah, but there is some... The definition of value is a very strict and statutory definition. The Supreme Court within this last year has largely debunked the notion of equity, at least when it comes to priority rules. No, that's absolutely true, Your Honor. Thank you. Before you sit down, so we're dealing with an adult child here. Does it make any difference if the child was not an adult? Absolutely, Your Honor, because under state law, at least, generally speaking, under state law, parents have a duty to support their children under the age of majority, and that's true in every state that I know of. With respect to college, tuition payments? I can tell you, Your Honor, that I don't bring cases where the child enters college at 17 if the payment is made... That's fine. I want to know if it would make a difference in the case law. Yeah, I think it would, Your Honor. If the child is underage, I think you still... The state law, and this is always underlain with bankruptcy court, there's always an overlay of state law, the state law requires parents to support their underage children. Yeah, but there's a difference between support and paying tuition. There has been cases, there's a case... I can understand why you choose not to get into the thicket, but it doesn't necessarily follow that support means paying for college tuition. It's true, and there have been trustees who've pursued private school tuition for underage children, and so far, unsuccessfully. There is an argument, I think, to be made that you don't have to send your kid to fancy private school as opposed to just sending them to the state, to the public high school, but so far, at least, the courts have not been receptive to that argument. Those are bankruptcy courts? That's correct, Your Honor. At that level, we don't have any appellate decisions? That's correct, Your Honor. Okay. Good morning, Your Honors. Named in support, Elizabeth Austin, Pullman Connolly, for Sacred Heart University, the Appellate. Sacred Heart University is a private Roman Catholic university that provides undergraduate education for its students. In this case, they provided a four-year education to the debtor's daughter, Nicole, and she received a degree in accounting. In order for Nicole to get that education, it was necessary for her parents to provide some support in the form of paying for a portion of the tuition and other costs. There is no dispute that Sacred Heart... I'm sorry. So you're saying we should apply this provision differentially depending on the income of the parents? What I'm saying... And the resources, suppose you had a trust fund? That would be different, and that would come into... The way the laws of the United States are set up with regard to how an education is funded makes it imperative in most instances for a parent to provide support if a child is going to get an education. I thought we were talking about state laws, about obligations of parents to children. You're referring to federal statutes. Is there a federal right after age 18 to have your parents pay for your college tuition? A federal right? No. But a federal policy? Yes. The federal financial aid laws make it imperative for a parent to contribute. Under state and federal law, a child is considered dependent up to the age of 24 in order to receive federal financial aid. The federal financial aid, student aid form, requires parents to provide their income, provide their household... I'm sorry. This is a requirement if you are seeking a federally guaranteed loan? Is that what we're talking about? Can you put it in context? Certainly, Your Honor. For all accredited universities and colleges, students and parents must complete what's called the FAFSA, the Free Application for Student Financial Aid. Okay. So it depends on there being an application for financial aid. But it is required for any student who's attending the university. Whether they're seeking financial aid or not? Whether they're seeking financial aid or not. That's not true. Is this in your brief? Yes. The source for your assertion is in your brief? It's in the report of Professor Sandy Baum, which is part of the record. You're not citing us to a federal regulation? You're citing us to an opinion from an expert? Yes, Your Honor. Okay. I don't think that's going to get you very far. But in this case, the federal financial aid form was completed and it was determined that Nicole was not eligible for student aid based on the income and assets of her parents. In this case, Nicole was a dependent on her parents. She was declared dependent on the parents' tax returns. Well, of course she was. But what does that have to do with this? What has to do with this is because not only do the federal financial aid laws, other laws point to the fact that parents are expected to provide an education, an undergraduate education to their adult children. Parents can claim an exemption on their tax returns for children up to the age of 24, provided the student is enrolled full-time for at least five months out of the year. As I said, up to the age of 24. That's a federal policy of providing an exemption. There's no obligation. There is no legal obligation. Correct. I agree that there is no legal obligation. So your argument comes down to there's a federal policy of encouraging education. Well, no, my argument doesn't come down to that. That's one point under my argument. Okay, then maybe you better move on to some other points. Certainly, Your Honor. In this case, as I said, there's no dispute that they took in good faith, that Sacred Heart took in good faith. There's no dispute that they provided value. What does that have to do with the point of view of the defrauded clients in the Ponzi scheme? Your Honor. The law is pretty clear. We look at it from their point of view, not from your point of view. I think, Your Honor, as Judge Hoffman pointed out, that is a very rigid view of how value should be determined. It may be, but it's in the case law. It is in the case law, but that is not the only case law. And the case law to which the trustee cited that proposition doesn't consider the circumstances such as we have in this case. All of those cases, it did say that the totality of the circumstances should be considered. And the determination of whether value was given under Section 548 depends upon the circumstances of each case and not a fixed mathematical calculation. And that, Your Honor, can be found in PSN USA. I didn't understand your opponent to be relying on a fixed mathematical calculation. Again, I'm having a little trouble connecting your argument to the issue before the court. Your Honor, the point is that the parents received an economic value for the education that they provided to their children. And that is what Chief Judge Hoffman found below. He found that having a financially independent child for which the parents would no longer need to provide support constituted reasonably equivalent value. He found that the parents had a reasonable expectation that that child would be financially independent upon receiving a four-year education and would be self-sufficient. The evidence below... You're not making the argument that because they sought a tax deduction for the payments that that was the reasonable value they got? I think that's a factor. No, no. Is that your argument or is your argument that Judge Hoffman got it right in the precise terms he used? Yes, I believe Judge Hoffman got it right. Based on the evidence before him and based on the facts presented and as the trier of facts, great deference should be given to his decision and it should only be overturned if there's clearly erroneous error. There's clearly not clearly erroneous error in his decision. I submit there's no error in his decision. He had before him facts and statistics which demonstrated that a college educated child is going to earn more than a child with merely a high school diploma, that they are going to be healthier, have jobs with pensions and insurance, that they are... And the evidence presented to Judge Hoffman, there were statistics that were provided from the Census Bureau and from other sources that clearly demonstrated that 40% of the children between ages 24 and 39 without a high school education are going to continue to live at home. Without a high school education? With a high school education. With only a high school education. Okay, sorry. I'm sorry, Your Honor. And that those with college educations or more, only 18% would be in that situation. That over a 40 year full-time work life, that college educated children are going to make 65% more than children with only a high school education. These are tangible, reasonable factors which clearly demonstrate that the parents are going to get a benefit from a college educated child because they will be financially independent. Additionally, they will be in a better position to support their parents if it's necessary in the future because they will have the financial assistance to their children into early adulthood until they are self-sufficient. I already referenced the tax laws. There are also the Affordable Care Act which allows parents to keep the children on their health insurance until the age of 26. There are, of course, the laws of the states which provide that divorcing parents, courts can issue Yes, but he's already, he said that this case isn't about that. I mean, he doesn't bring those cases. I understand, Your Honor. So can we drop that out of the Certainly, Your Honor. The bottom line is Judge Hoffman got it right. He found reasonably equivalent and valuable. He found that to be tangible and reasonable and to not just be wishful thinking. It is something that the parents can look to when paying these bills and expect to receive that outcome. Your Honor mentioned the Ponzi scheme. The trustee asserted actual fraud. Judge Hoffman in his decision He's abandoned that on appeal. He has abandoned that on appeal. So my point is that shouldn't be an issue here. The issue here is value. That is what was decided below. That is what was Yeah, I thought that's what I was doing with him. Thank you, Your Honor. I misunderstood. I misunderstood. With respect to My brother is correct. Connecticut just passed a law that exempts out the ability for a trustee to pursue cases like this. Is it retroactive? Pardon? Is it retroactive? It is not retroactive. No. It is not retroactive. And Massachusetts law applies here anyway. So it wouldn't be applicable nonetheless. But no, it goes into effect, I think, September 1 or October 1. But the trustee seems to be suggesting that the court should abandon its core function of analyzing and enforcing the bankruptcy code based on the facts and circumstances of the case and instead rely upon Congress to address every theory the trustee comes up with And that's just simply not reasonable. It makes no sense. Section 548 of the bankruptcy code says that reasonably equivalent value has been established. If that's the case, then there is no fraudulent conveyance. And that is what the bankruptcy court below found as a triumphant fact. And that decision should stand. As I already mentioned, Judge Hoffman's decision should only be overturned if Your Honor's find that as a triumphant fact he was clearly erroneous. Or if he applied the wrong legal standard. Which I do not. I submit he did not. Okay. Thank you, Your Honor. So, counsel, I think you better address your sister's argument that the proper way of looking at this is through as factual findings subject to a clear error standard. Well, first of all, Your Honor, it's my understanding that this matter was decided on summary judgment. So on summary judgment, I don't believe that the clearly erroneous statute standard would apply. So I think that's the easiest way to avoid that analysis because this matter was decided on cross motions for summary judgment. It may be the easiest way, but do you have another answer? Yes, Your Honor. I also think that this really is a question of law. It's a question of looking at how you look at value. Because I don't dispute the statistics, and the trustee presented no evidence below to dispute the statistics that Sacred Heart University presented. The student unquestionably received value. The question is, did the parents, the debtors in this case, receive the value? And I think that the one important element that's been overlooked is a temporal element, which is you look at the value received at the time of the transfer. The possible benefits that might accrue years later. Why do you look at it at that point? Is it because you're looking to see whether there's assets coming back into the estate? Is that the reason? That's correct, Your Honor. Is that the only reason that you look at it temporally? It's the way the fraudulent transfer statute, both in the bankruptcy court and in the UFTA, is constructed. The statute requires the creditor in the case of the UFTA or the trustee in the case of the bankruptcy code to prove that an insolvent debtor made a transfer for which they did not receive reasonably equivalent value at the time of the transfer. That's the way the statute's constructed. And so the time that you look at is at the time of the transfer. Why? Because that's the way the legislature crafted the law. Okay. What's the point of that? Well, the point of that is the idea behind the statute is that you want to keep the pool of assets available for creditors the same. That the reason for a constructive fraudulent transfer where there's no intent involved, where there's no intent to hinder, delay, or defraud creditors, is we still don't want people giving away or sometimes even having being forced away of assets that would otherwise be available for creditors. Those assets should remain available for their creditors. Can I ask you a question? Are all gifts then subject to this provision? Absolutely. And so the determination whether to chase them or not is solely in the hands of the trustee. The court really has, if the trustee goes after them, the court has no choice but to bless that. I think that's right. As a matter of practicality, of course, de minimis gifts the trustee is not going to pursue. But if you have substantial gifts, for example, if a parent gave their child a new car, absolutely the trustee would, I believe, be obligated to go pursue them. My question is simply going to, but the statutory scheme sets that up as a decision that is completely within the control of the trustee. That's correct. I suppose hypothetically there might be some, quote, gifts that actually return some value. But it would seem to me that Congress has an interest in not having trusteeships continue and continue and continue, that they want it wrapped up, they want payments made out to creditors of the estate. That's correct. The trustee only has two years to bring these types of claims, Your Honor. Okay. It's under Section 546 of the Code. And, in fact, there are other exceptions besides the tithing exception that Congress has specifically carved out, for example, 546E in the context of securities transactions. Trustees cannot pursue fraudulent transfers in the context of securities transactions except when there's actual fraud. That's the SEC's job, is it? Yes, Your Honor. Okay. Thank you. Thank you both. Thank you.